UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC COURTNEY, ET AL.                              CIVIL ACTION

VERSUS                                             NO. 25-280-BAJ-RLB

BLAKE CAVALIER, ET AL.

### ORDER

This Order is issued *sua sponte*.

In this action, Eric Courtney and Sarah Courtney (collectively, "Plaintiffs") seek recovery from the defendants Officer Blake Cavalier, the City of Walker, and Police Chief David Addison for alleged civil rights violations. (R. Doc. 1). In pertinent part, Plaintiffs seek recovery from Officer Cavalier pursuant to 42 U.S.C. § 1983 with respect to the alleged unlawful arrest and use of excessive force when he responded to a call for assistance regarding the drowning of Plaintiffs' son.

On May 20, 2025, Defendants filed a Motion to Dismiss asserting, among other things, that Plaintiffs have failed to plead sufficient facts to overcome Officer Cavalier's defense of qualified immunity for the false arrest and excessive force claims. (R. Doc. 12). The motion remains pending before the district judge.

On May 29, 2025, the parties filed a Joint Status Report. (R. Doc. 13). Defendants state that they object to discovery under the resolution of the pending Rule 12(b)(6) motion. (R. Doc. 13 at 12). Plaintiffs object to any stay of discovery, noting that Defendants have asserted in their Motion to Dismiss that other police officers present have not been identified and that body cam video would identify any other officers responding to the incident.

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc,* 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garret,* 571 F.2d 302, 3026 (5th Cir. 1990) (citation omitted).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity in a motion to dismiss must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery.

2

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Id*. at 310-314. The Fifth Circuit expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id*.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id*. at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell*, 54 F.4th at 313 (quoting *Iqbal*, 556 U.S. at 686).

Consistent with *Carswell*, the undersigned has stayed all discovery where a defendant has alleged qualified immunity and there was no practical manner to allow discovery to proceed against a co-defendant that has not raised a defense of qualified immunity without prejudicing

the defendants who have raised the defense of qualified immunity. *See*, *e.g.*, *Miller v. LeBlanc*, No. 21-353-BAJ-RLB, 2022 WL 17490971 (M.D. La. Dec. 7, 2022).

Having reviewed the record, the Court finds it appropriate to issue a stay of discovery in this action pending resolution of the Motion to Dismiss. Given the assertion of the qualified immunity defense, the Court must stay all discovery with respect to all named defendants, including discovery pertaining to claims to which the qualified immunity defense does not apply, because such discovery would present an undue burden to Officer Cavalier. *Carswell*, 54 F.4th at 313-314.

**The Court notes that Defendants remain under an obligation to preserve relevant evidence, including any body cam footage from the date of the incident.**

Based on the foregoing,

**IT IS ORDERED** that discovery is **STAYED** until further order of the Court. The Scheduling Conference set for June 12, 2025 is **CANCELLED.** The parties shall contact the undersigned's chambers upon resolution of the pending Motion to Dismiss. (R. Doc. 12).

Signed in Baton Rouge, Louisiana, on June 5, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**